UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

LUZ M. MORA,
an individual,

    Plaintiff,

v.

EAGLE CARPET RESTORATION, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, the Plaintiff, LUZ M. MORA, by and through undersigned counsel, and sues the Defendant, EAGLE CARPET RESTORATION, INC., a Florida corporation, and as grounds therefor states as follows:

1. Plaintiff, LUZ M. MORA ("MORA" or "Ms. Mora") brings this action pursuant to the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*) and is otherwise *sui juiris*.

2. Pursuant to 28 U.S.C. §1331, this Honorable Court has Subject Matter Jurisdiction over this matter as the claims herein are brought pursuant to a federal statute.

3. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b).

4. At all times material hereto:

    a. Ms. Mora was a resident of the State of Florida and a non-exempt "employee" of Defendant Eagle Carpet Restoration, Inc. ("EAGLE") as defined by the Fair Labor Standards Act.

b. Defendant EAGLE was and continues to be a Florida corporation, with its principal place of business located in Broward County, Florida.

c. Defendant EAGLE was and continues to be engaged in commerce within the meaning of the Fair Labor Standards Act. Upon information and belief, Defendant EAGLE has, at all times material hereto, maintained an annual gross revenue exceeding $500,000.00.

d. Defendant EAGLE was and continues to be an "employer" within the meaning of the Fair Labor Standards Act

e. The work performed by Ms. Mora was directly essential to the work performed by Defendant EAGLE.

5. During Ms. Mora's employment, Defendant EAGLE did not pay her the proper overtime wages as required by the Fair Labor Standards Act.

6. Indeed, Defendant EAGLE knowingly and willfully refused to pay Ms. Mora her legally-entitled wages.

7. The records, if any, concerning the date range of Ms. Mora's employment, the number of hours actually worked, and the compensation actually paid to Ms. Mora are in the possession and/or control of Defendant EAGLE.

8. During her employ, Ms. Mora's work schedule was typically as follows:

a. Monday *through* Saturday, 8:30 am – 4:00 pm and then 5:00 pm – 10:00 pm;

b. Sunday, 8:30 am – 4:30 pm.

9. Accordingly, Ms. Mora worked approximately an average of seventy and one-half (70.5) hours per week.

10. Ms. Mora's regular pay rate was $8.50 per hour up until February of 2016, at which time she was given a pay raise to $9.00 per hour. As such, Ms. Mora should have been paid $12.75 per hour for the overtime hours worked up until February of 2016 and $13.50 per hour for the overtime hours worked thereafter.

11. Accordingly, Ms. Mora is owed approximately $19,799.08 in overtime wages (calculated as 30.5 overtime hours @ $4.25 per hour for 134 weeks – July 6, 2013 *through* February 1, 2016 – and $4.50 per hour for 17.7 weeks – February 1, 2016 *through* June 4, 2016). This amount is subject to change as the records regarding Ms. Mora's employment are within the possession and/or control of Defendant EAGLE, which will be obtained through discovery in this matter.

12. All conditions precedent to filing suit have occurred, were performed, have been satisfied, have been excused, and/or waived.

13. Ms. Mora has retained the services of undersigned counsel and has obligated herself to pay for the legal services provided by undersigned counsel.

## COUNT I
## VIOLATION OF F.L.S.A.

14. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 *through* 13 above as if fully set forth herein.

15. This is an action against Defendant EAGLE for violation of the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*).

16. Specifically, Defendant EAGLE failed to pay Ms. Mora time-and-a-half overtime pay as required by the Fair Labor Standards Act.

17. Accordingly, Ms. Mora is entitled to collect her overtime pay as well as liquidated damages, interest, costs, and attorneys' fees, pursuant to 29 U.S.C. §216(b).

WHEREFORE, the Plaintiff, LUZ M. MORA, demands judgment against the Defendant, EAGLE CARPET RESTORATION, INC., for her overtime pay, liquidated damages, interest, costs, and attorneys' fees, pursuant to the Fair Labor Standards Act, and for such other relief as this Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, LUZ M. MORA, hereby requests trial by jury on all issues so triable as a matter of law.

DATED this 6th day of July, 2016.

Respectfully Submitted,

| | - And - |
|---|---|
| **NUÑEZ LAW, P.L.** | *PEDRO PEREZ-ROURA, P.A.* |
| 2828 Coral Way, Suite 206 | 2828 Coral Way, Suite 206 |
| Miami, Florida 33145 | Miami, Florida 33145 |
| T: (305) 444-4407 | Telephone: (305) 359-3888 |
| F: (305) 444-4408 | Facsimile: (305) 359-3887 |
| E: Eservice@NunezLaw.com | |
| | By: __/s/ Pedro A. Perez-Roura____ |
| By: _____ | Pedro A. Perez-Roura, Esq. |
| Bobby Nuñez, Esq. | Fla. Bar. No. 103931 |
| Fla. Bar No.: 91894 | PPR@PEREZROURALAW.COM |